UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bankr. No. 10-10206 |
| | ) | Chapter 7 |
| KORYN MICHELE STEEN | ) | |
| SSN/ITIN xxx-xx-7373 | ) | DECISION RE:  TRUSTEE'S |
| | ) | MOTION FOR TURNOVER AND |
| Debtor. | ) | OBJECTION TO EXEMPTIONS |

The matters before the Court are Trustee Forrest C. Allred's Motion for Turnover and Objections to Claimed Exempt Property.  These are core proceedings under 28 U.S.C. § 157(b)(2).  The Court enters these findings and conclusions pursuant to Fed.Rs.Bankr.P. 7052 and 9014(c).  For the reasons discussed below, the Court will order Debtor to turn over a motorcycle and the unpaid portions, as of the petition date, of an alimony award and a property settlement payment owed Debtor by Debtor's former spouse.

I.[1]

Koryn Michele Steen and Randall G. Cragoe were divorced February 12, 2010. Under the terms of the state divorce court's Findings of Fact and Conclusions of Law and attendant Judgment and Decree of Divorce (doc. 27 at 4-19), Steen was awarded, *inter alia*, a 1989 Harley Davidson Heritage Softail motorcycle, a property settlement payment of $5,000.00, and alimony beginning March 1, 2010 of $1,000.00 per month for 36 months.[2]  Cragoe appealed the divorce judgment.

---

[1]  The parties presented the issues and most of the material facts by stipulation (doc. 27).  The remainder of the material facts were gleaned from the court file.

[2]  Debtor was also awarded one-half of Cragoe's "Principal Financial Group retirement account," which Trustee Allred and Debtor later described as an Individual Retirement Account ("IRA") established pursuant to 26 U.S.C. § 408.  Originally, Trustee Allred sought turn over of Debtor's interest in the IRA, but in a subsequent brief, he conceded *Nelson v. Ramette (In re Nelson)*, 274 B.R. 789 (B.A.P. 8th Cir. 2002), which Debtor had cited, precludes the estate's recovery of this asset.  The Court takes no position on whether *Nelson* is dispositive of whether Debtor's interest in Cragoe's IRA is property of the bankruptcy estate.  Debtor should, however, amend her schedule C to remove the IRA as claimed *exempt* under S.D.C.L. § 43-45-16 since Debtor's reliance on *Nelson* was premised on the theory her share of the IRA was *excluded* from property of the estate.

Steen ("Debtor") filed a chapter 7 petition in bankruptcy on September 17, 2010. On the petition date, Cragoe still owed Debtor $4,535.00 of the $5,000.00 property settlement and 34 months of alimony at $1,000.00 per month and Debtor did not have possession of the motorcycle, though she did obtain possession later. Debtor did not include this property on her bankruptcy schedules.[3]

On August 29, 2011, which was more than 180 days after Debtor's petition was filed, the South Dakota Supreme Court summarily affirmed the divorce court's judgment.[4] Thereafter, Trustee Allred filed a Motion for Turnover (doc. 15), seeking several nonexempt assets from Debtor, including the unpaid alimony, the unpaid property settlement, and the motorcycle awarded her in the divorce.

Debtor amended her schedules of estate assets (doc. 19) to include the motorcycle valued at $3,000.00. She claimed a portion of its value exempt under S.D.C.L. § 43-45-4. Debtor still did not schedule the unpaid property settlement

---

[3] It does not appear Debtor included the alimony award on her schedule of income, and she did not list the divorce action on statement of financial affairs as a suit to which Debtor was a party within a year of the petition date. Debtor did list Cragoe as a former spouse on her statement of financial affairs, with the notation "Divorced 2010, South Dakota."

[4] The filing of Debtor's chapter 7 petition created a bankruptcy estate over which the bankruptcy court has exclusive jurisdiction. The automatic stay stopped further litigation of estate property-related issues in the divorce action; only an appeal of the divorce itself, the establishment or a modification of alimony or another support order, the collection of alimony or other support from property that is not property of the estate, or the division of property that was not property of the bankruptcy estate could continue. 11 U.S.C. § 362(b)(2). When the appeal continued after Debtor's petition was filed and to the extent the appeal addressed issues involving property of the bankruptcy estate, several provisions of the bankruptcy code were violated, including 11 U.S.C. §§ 541, 704, and 726. *See In re Theodore Stephen Wolk*, Bankr. No. 09-50082, oral decision (Bankr. D.S.D. Sept. 17, 2009).

Here, neither party obtained relief from the automatic stay to continue the appeal of the divorce action before the South Dakota Supreme Court as it relates to property of the bankruptcy estate. Without such relief, for purposes of this bankruptcy proceeding, the divorce court's findings and conclusions and attendant judgment and decree remain as originally entered. Since the Supreme Court affirmed, however, the appeal had no impact.

payment or any of the alimony Cragoe owed her.  In her response to the trustee's turnover motion (doc. 20), Debtor said the property awarded her in the divorce was not property of the estate under 11 U.S.C. § 541(a)(5)(B) because her interest in them had not matured within 180 days of the filing of her petition.  Debtor further argued, citing *Kelly v. Jeter* (*In re Jeter*), 257 B.R. 907 (B.A.P. 8th Cir. 2001), her right to alimony was not part of the bankruptcy estate under § 541(a)(5)(B) because it was for her support rather than a division of property.

A hearing on the trustee's turnover motion was held December 8, 2011.  The parties agreed to submit the matter on stipulated facts, stipulated issues, and briefs.

While the turnover motion was pending, Trustee Allred filed Objections to Claimed Exempt Property (doc. 26).  He argued Debtor had stated two different exemption amounts for the motorcycle:  $1,529.23 in the amendment, but $852.21 on the actual amended schedule.[5]  Debtor incorporated her earlier response to the trustee's turnover motion into her response to the trustee's objection to exemptions (doc. 33).  The parties subsequently obtained the Court's permission to submit both the turnover motion and the objection to exemptions on stipulated facts, stipulated issues, and briefs (doc. 41).

The parties presented the following issues to the Court:  (1) whether the property awarded Debtor by the divorce court was property of the estate within the meaning of 11 U.S.C. § 541, where Cragoe's appeal of the judgment was pending on the petition date; and (2) if the property awarded by the divorce court is property of the estate despite Cragoe's then-pending appeal, whether Debtor's interest in or right

---

[5]  In his objection, Trustee Allred also argued Debtor could not claim a computer exempt under S.D.C.L. § [43]-45-2 and could not claim tools exempt under S.D.C.L. § 15-20-12 because that statute applies only to state court proceedings supplementary to execution of a judgment, not bankruptcy.  The parties did not brief these issues, so the Court presumes they have an agreement regarding them.

to the motorcycle, the remainder of the $5,000.00 lump-sum property settlement payment, and the remainder of the $36,000.00 of alimony are each, as individual items, property of the estate.[6]

## II.

Property of a bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a)(1). When ascertaining the existence and scope of a debtor's legal or equitable interests in property, courts look to state law or other nonbankruptcy law. *Butner v. United States*, 440 U.S. 48, 54 (1979).

> The nature and extent of the debtor's interest in property are determined by state law.  [Cite omitted.]  Property rights under section 541 are defined by state law.  *Butner*[, 440 U.S. at 55.]  However, once that determination is made, federal bankruptcy law dictates to what extent that interest is property of the estate.

*N.S. Garrott & Sons v. Union Planters Nat'l Bank of Memphis* (*In re N.S. Garrott & Sons*), 772 F.2d 462, 466 (8th Cir. 1985).  The broad scope of estate property includes causes of action.  *Whetzal v. Alderson* (*In re Alderson*), 32 F.3d 1302, 1303 (8th Cir. 1994) (quoting *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205 & n.9 (1983)).  The case trustee steps into a debtor's shoes and takes whatever interests the debtor had on the petition date. *Stumpf v. Albracht,* 982 F.2d 275, 277 (8th Cir. 1992).

---

[6]  In their Stipulation of Facts and Issues to be Determined by the Court (doc. 27), the parties further stated:

> With respect to the property set forth in tabular form in numbered paragraph 9 of the stipulated facts, the parties stipulate and agree that the court may forthwith enter an order directing the same to be turned over to the trustee.

By this, the Court presumes it may order Debtor to turn over a 2000 Chrysler 300M and a 2007 Yamaha Vino moped that Debtor did not claim exempt, but what other nonexempt property that may encompass is unclear.

Certain property is excluded from a bankruptcy estate by operation of law.  11 U.S.C. § 541(b), (c)(2), and (d).  Excluded property includes, for example, a debtor's interest as a lessee under certain types of leases and some types of accounts for retirement or education purposes.  *See, e.g.*, 11 U.S.C. § 541(b)(2), (3), (5), (6), and (7).  Also excluded from a bankruptcy estate is property of the debtor that is subject to a restriction on transfer that is enforceable under "applicable nonbankruptcy law." 11 U.S.C. § 541(c)(2).  "Applicable nonbankruptcy law" includes state spendthrift trust laws, as well as nonbankruptcy federal law.  *Patterson v. Shumate,* 504 U.S. 753, 756-765 (1992); *Wear v. Green* (*In re Green*)*,* 967 F.2d 1216, 1217 (8th Cir. 1992).    An  example  of  property  excluded  from  the  estate  by  operation  of nonbankruptcy federal law is Social Security benefits.  *See Carpenter v. Ries* (*In re Carpenter*), 614 F.3d 930, 936-37 (8th Cir. 2010).

The burden of establishing, by a preponderance of the evidence, that a particular asset is property of the bankruptcy estate rests with the proponent, usually the case trustee.  *Evans v. Robbins*, 897 F.2d 966, 968 (8th Cir. 1990) (cites therein); *DeBold v. Case* (*In re Tri-River Trading, LLC*), 329 B.R. 252, 263-64 (B.A.P. 8th Cir. 2005), *aff'd*, 452 F.3d 756 (8th Cir. 2006).  If a *prima facie* case is made, the burden of going forward shifts to the debtor to show the asset is excluded from the estate, though the final burden rests with the proponent.  *Tri-River Trading*, 329 B.R. at 263.

Once property is determined to be property of the estate, 11 U.S.C. § 522(f) allows a debtor to withdraw some of it by a claim of exemption at a stated value. *Schwab v. Reilly*, ___ U.S. ___, 130 S.Ct. 2652, 2657 (2010).  Exempt property is not liquidated by the case trustee to pay creditors.  11 U.S.C. § 522(b) and (c); *Owen v. Owen*, 500 U.S. 305, 308-09 (1991).  Most debtors filing bankruptcy in the District of South Dakota look to the laws of the state of South Dakota to define the allowed

-5-

exemptions.  11 U.S.C. § 522(b)(3)(A) and S.D.C.L. § 43-45-13.

A claimed exemption is presumptively valid.  *Danduran v. Kaler* (*In re Danduran*), 657 F.3d 749, 754 (8th Cir. 2011).  Any party objecting to a claimed exemption has the burden to prove, by a preponderance of the evidence, the exemption was not validly claimed.  Fed.R.Bankr.P. 4003(c); *In re Meyer*, 433 B.R. 739, 744-45 (Bankr. D. Minn. 2010) (cites therein).  If the objector meets his burden, the burden of production shifts to the debtor to show the exemption was properly claimed. *Danduran*, 657 F.3d at 754.

III.

Property of the Estate.

The divorce court entered a dispositive order pre-petition entitling Debtor to the motorcycle, a $5,000.00 property settlement payment, and 36 monthly payments of $1,000.00 alimony.[7]  S.D.C.L. § 15-6-54(a) (a judgment is the final determination of the rights of the parties in an action or proceeding); § 15-6-58 ("A judgment or an order becomes complete and effective when reduced to writing, signed by the court or judge, attested by the clerk and filed in the clerk's office."); § 15-18-21 (a judgment is subject to levy); § 43-1-1 (a thing that may be owned is property); § 43-42-1(a thing in action is a right to recover money by a judicial proceeding); § 43-42-2 (a thing in action arising from an obligation may be transferred by the owner); *Aune v. B-Y*

---

[7]  An installment for unpaid child support becomes a judgment by operation of law if the installment is not paid timely.  S.D.C.L. §§ 25-7-7.4 and 25-7A-1.  Though the South Dakota Supreme Court has interpreted the statute more broadly to encompass alimony payments, *see Culhane v. Michels*, 615 N.W.2d 580, 585 (S.D. 2000), the unambiguous language of the statute states it applies only to child support orders.  S.D.C.L. §§ 25-7-7.4 and 25-7A-1(12).  Moreover, Debtor has not advanced, and the Court has not found, any state law indicating the enforcement and collection tool provided for child support payments by S.D.C.L. §§  25-7-7.4 and 7.5 impacts or alters the effect of the original divorce decree from which a child support or alimony obligation arises.

*Water Dist.*, 505 N.W.2d 761 (S.D. 1993) (South Dakota law permits the execution, levy, and sale of a judgment as an asset in order to satisfy an earlier judgment and an appeal by a judgment debtor does not stay the execution of a judgment if a supersedes bond is not filed) (citing S.D.C.L. § 15-18-17[8]); *Watt v. Watt,* 312 N.W.2d 707, 711 (S.D. 1981) (pre-judgment interest does not accrue on property settlement or child support payments as these rights are determined at the time the judgment is entered); *Holt v. Holt*, 176 N.W.2d 51, 53 (S.D. 1970) (a divorce decree involving a lump-sum payment in gross or payable in installments is a final "adjustment of mutual rights and obligations as to be capable of a present vesting and . . . an absolute judgment."). Debtor's interests created by the divorce decree became property of the bankruptcy estate upon Debtor's filing of her petition. *Cf. Ellis v. Ellis* (*In re Ellis*), 72 F.3d 628, 633 (8th Cir. 1995) (sum certain awarded debtor's former spouse was a pre-petition debt even if sum was to be paid in installments); *see also Brown v. Grossman* (*In re Grossman*), 259 B.R. 708, 710-11 (Bankr. D.N.D. 2001) (pre-petition award to the debtor of a percentage of a former spouse's pension benefits was not an estate asset because the obligation did not become due and payable until the spouse actually retired and received a pension). The 180-day provision of 11 U.S.C. § 541(a)(5)(B) does not apply since Debtor's court-ordered interests in the motorcycle, the property settlement payment, and the alimony installments all arose

---

[8]  Section 15-18-17 of the South Dakota code provides:

All property and interests therein and rights appurtenant thereto, tangible or intangible, including shares or interests in any corporations, credits, choses in action, and whether capable of manual delivery or not, belonging to the party against whom the execution was issued, and not exempt by law may be taken on execution and sold or otherwise applied to the satisfaction of the judgment as provided by law.

pre-petition.[9]

As to the alimony in particular, Debtor has not identified any provision of § 541(b) or nonbankruptcy law incorporated by § 541(c)(2) that excludes from the bankruptcy estate Debtor's entitlement to the alimony payments.  In other words, Debtor has not shown the alimony award, by its support nature or because it is payable in installments, is differentiated under state law or nonbankruptcy federal law from any other stream of payments someone may have been ordered to pay Debtor and is thus outside the grasp of § 541(a)(1).[10]

> We can find nothing in our review of the constitution, statutes, and case law of this state, however, which would prohibit an attorney's lien against an award of alimony provided a valid contract for fees existed between attorney and client. **An examination of the statutes shows the legislature has seen fit to exempt certain property from the attachment process in SDCL ch. 43-45 but alimony is not one of them.**  [Footnote omitted.]  Under SDCL 28-7-16, payments made to aid dependent children are also protected from attachment.  The existence of these statutes indicates the legislature knows how to exempt property from attachment of a lien when it deems it in the best interest of the state to do so.  *See Sander v. Geib, Elston, Frost Pro. Ass'n*, 506 N.W.2d 107, 124 (S.D. 1993) (showing when legislature wants to include an entity as a beneficiary of its enactments it also knows how to do so).  *See also Last v. Last*, 438 N.W.2d 122, 123 (Minn. Ct. App. 1989) (court found statute which listed categories of property as exempt from garnishment, but which did not list spousal maintenance, did not preclude attachment of attorney's lien).

*Jasper v. Smith,* 540 N.W.2d 399, 403-04 (S.D. 1995) (emphasis added).  The interest in an alimony award to which an attorney's lien may attach is the same

---

[9]   The issue of the impact of § 541(a)(5)(B) when a divorce decree is entered within 180 days after a debtor's petition or when a pre-petition decree awarding alimony is modified post-petition was not presented.

[10]   State law does differentiate an alimony award from a debt arising from a contract in some regards.  S*ee, e.g., Fritz v. Fritz*, 187 N.W. 719 (S.D. 1922) (while a person may not be imprisoned for failing to pay a debt, he may be imprisoned for contempt for failing to abide by an order to pay alimony).  Debtor has not identified any difference, however, that would remove the alimony award from property of the bankruptcy estate.

-8-

interest that comes into Debtor's bankruptcy estate.  S.D.C.L. § 15-18-17; *see In re Marybeth Perry*, Bankr. No. 06-50237, slip op. (Bankr. D.S.D. Feb. 13, 2009) (arrearage in child support owed the debtor was not property of the bankruptcy estate since under South Dakota law the debtor held the child support in trust for her child). Trustee Allred steps into Debtor's shoes to enforce Cragoe's obligation to make the monthly alimony payments.  *Simmons v. Simmons*, 290 N.W. 319, 320 (S.D. 1940) (cited in *Metz Farms v. Fisher Sand & Gravel Co.*, 2006 WL 1047067, *4 (D.S.D. April 17, 2006)).   Making the law reflect public policy concerns regarding the protection of true alimony awards from a debtor's creditors, whether by exclusion or exemption, is not within this Court's bailiwick.  *Jasper,* 540 N.W.2d at 403 n.2.

That the alimony award may be subject to modification post-petition does not remove it from the estate.[11]  Contingent interests in future payments are not excluded. *Law v. Stover* (*In re Law*), 336 B.R. 780, 782 (B.A.P. 8th Cir. 2006) (cited in *Wetzel*

---

[11]   The alimony awarded Debtor, if truly alimony and if not restitutional or reimbursement alimony, may be subject to modification by the state court, Cragoe's death, or Debtor's remarriage.  *See, e.g., Oman v. Oman*, 702 N.W.2d 11, 15 (S.D. 2005) (monthly payments over several years labeled as alimony were not a nonmodifiable lump-sum award of alimony or part of the property settlement)*; Sanford v. Sanford*, 694 N.W.2d 283, 291 n.5 (S.D. 2005) (permanent alimony is modifiable, but lump-sum, restitutional or reimbursement alimony are not modifiable)*; Beerman v. Beerman*, 526 N.W.2d 127, 129-30 (S.D. 1995) (while an order approving a property settlement is final and conclusive, alimony and child support awards, unless they are in the nature of a property settlement, may be modified by the divorce court when conditions change); *Marquardt v. Marquardt*, 396 N.W.2d 753 (S.D. 1986) (proof that a former spouse has remarried is *prima facie* evidence of changed circumstances warranting modification of a support order; former spouse receiving the support payments has burden to go forward and show extraordinary circumstances warranting a continuation of the support payments); *Blare v. Blare*, 302 N.W.2d 787, 790-91 (S.D. 1981) (quoting therein *Ziegenbein v. Damme*, 292 N.W. 921, 923 (Neb. 1940)) (finality attaches to an "unqualified" alimony award that is a fixed sum, whether to be paid in whole or in installments).   Labels are not determinative; "when deciding whether an award of alimony is, in reality, a portion of a property settlement, a court must scrutinize the language of the divorce decree, the circumstances encompassing it, and the end sought to be achieved[.]"  *Peterson v. Peterson*, 434 N.W.2d 732, 735 (S.D. 1989) (cited in *Beerman*, 526 N.W.2d at 130).  This Court takes no position on whether the alimony awarded Debtor was true alimony or part of the divorce court's division of the couple's assets.  If such a decision were necessary, the present record would be insufficient.

*v. Regions Bank*, 649 F.3d 831, 835 (8th Cir. 2011)).  *See In re DeGroot*, 460 B.R.
159 (Bankr. W.D. Mich. 2011) (discussing chapter 7 trustee's role in post-petition
modification of a divorce-related order).

The Court's conclusion that the alimony awarded Debtor falls within § 541(a)(1)
finds support in other provisions of the Code.  If alimony or other family support
obligations could never be property of a bankruptcy estate, there would be no need
for the federal exemption at § 522(d)(10)(D).  Section 522(d)(10)(D) also
demonstrates Congress' ability to differentiate between types of property it wants a
debtor to be able to preserve from the bankruptcy process, while § 522(c)(1) indicates
Congress does not want to protect exempt property from family support claims.  *See
also* 11 U.S.C. §§ 362(b) and 541(a)(5)(B).  Clearly, Congress could have excluded
alimony from a bankruptcy estate had it wanted to do so.  *Osthus v. Whitesell Corp*.,
639 F.3d 841, 850 (8th Cir. 2011) (it is generally presumed Congress acts
intentionally and purposely in including particular language in one section of a statute
while omitting it from another); *see also Jasper*, 540 N.W.2d at 403-04 ("[T]he
legislature knows how to exempt property from attachment of a lien when it deems
it in the best interest of the state to do so.") (cites therein).

### Exemption from Property of the Estate.

Debtor has not claimed exempt any of the alimony award or the property
settlement payment.  The only apparent dispute presented by the parties regarding a
claim of exemption is what portion of the motorcycle's value Debtor has claimed
exempt.[12]  Trustee Allred is correct that Debtor's Amendment and Notice to Schedule
B & C (doc. 19 at 1) and the attached Amended Schedule C (doc. 19 at 6) contain
different figures for the amount claimed exempt.  Debtor will, therefore, need to file

---

[12]  *See supra* notes 5 and 6.

a second amendment to clarify what portion of the motorcycle's value she claims exempt.

An appropriate order will be entered directing Debtor to turn over the nonexempt value of the motorcycle and her entitlement to the unpaid property settlement and alimony awards.  However, Debtor will first need to amend schedule C regarding the value of the motorcycle claimed exempt, and Trustee Allred and counsel for Debtor will need to submit an agreed order regarding those issues that were raised by the trustee's Motion for Turnover and Objections to Claimed Exempt Property but were not contested by Debtor or have otherwise been resolved between the parties.

Dated:  April 13, 2012.

BY THE COURT:

Charles L. Nail, Jr.
Bankruptcy Judge

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered
on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota